**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**Civil Action No. 5:25-cv-222-BO-RJ**

| | |
|---|---|
| JENNIFER SLOAN RACHMUTH, | |
| *Plaintiff,* | |
| v. | **PLAINTIFF'S MOTION FOR** **PARTIAL SUMMARY JUDGMENT** |
| ELLIOTT WARREN, ET AL., | |
| *Defendants*. | |

Plaintiff moves, under Federal Rule of Civil Procedure 56, for partial summary judgment on liability against the Defendants on Counts I (Malicious Prosecution in Violation of Fourth Amendment), II (Retaliation in Violation of the First Amendment), IV (Common Law Malicious Prosecution), and V (Common Law False Arrest). As explained more fully in the Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment, there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law for the following reasons:

1. Mrs. Rachmuth's social media post plainly constituted protected speech on a matter of public concern that cannot be criminalized under the First Amendment;

2. Defendants lacked probable cause to arrest Mrs. Rachmuth for cyberstalking because:

    a. Defendants did not have evidence of repeated communications;

b. Defendants did not have evidence of repeated communications to another person or the alleged victim;

c. Defendants did not have evidence that Mrs. Rachmuth acted with the purpose of abusing, annoying, threatening, terrifying, harassing, or embarrassing any person; and

d. Defendants did not have evidence that Mrs. Rachmuth's speech fell within any historically unprotected category of speech, such as true threats or speech integral to criminal conduct;

3. Mrs. Rachmuth is entitled to judgment on liability on Count I for malicious prosecution in violation of the Fourth Amendment. Defendants violated Mrs. Rachmuth's Fourth Amendment right to be free from unreasonable seizure because: (1) Defendants caused a seizure of Mrs. Rachmuth when they arrested her for cyberstalking; (2) Defendants arrested Mrs. Rachmuth without probable cause; and (3) the proceedings terminated in Mrs. Rachmuth's favor when the District Attorney dismissed the charge because the "described conduct does not meet the elements of the offense." Because Defendants acted under color of state law in maliciously prosecuting Mrs. Rachmuth, they are liable under 42 U.S.C. § 1983.

4. Mrs. Rachmuth is entitled to judgment on liability on Count II for retaliation in violation of the First Amendment. Defendants violated Mrs. Rachmuth's First Amendment right to free speech because: (1) Mrs. Rachmuth engaged in protected First Amendment activity; (2) Defendants took action that adversely affected her First Amendment rights when they arrested her for her speech;

2

and (3) there was a causal relationship between Mrs. Rachmuth's protected activity and the arrest because Defendants lacked probable cause and Mrs. Rachmuth's speech was a substantial motivating factor behind the arrest. Because Defendants acted under color of state law in retaliating against Mrs. Rachmuth for her speech, they are liable under 42 U.S.C. § 1983.

5. Mrs. Rachmuth is entitled to judgment on liability on Count IV for common law malicious prosecution because: (1) Defendants caused a seizure of Mrs. Rachmuth when they arrested her for cyberstalking; (2) Defendants arrested Mrs. Rachmuth without probable cause; (3) Defendants acted with malice by arresting Mrs. Rachmuth without probable cause; and (4) the proceedings terminated in Mrs. Rachmuth's favor when the District Attorney dismissed the charge because the "described conduct does not meet the elements of the offense."

6. Mrs. Rachmuth is entitled to judgment on liability on Count V for common law false arrest because: (1) Defendants restrained Mrs. Rachmuth against her will when they arrested her; and (2) Mrs. Rachmuth's arrest was without legal authority because Defendants lacked probable cause.

7. Defendants are not entitled to qualified or public official immunity because Defendants violated Mrs. Rachmuth's First and Fourth Amendment rights when they arrested her without probable cause for her protected speech on a matter of public concern, and those rights were clearly established at the time of Mrs. Rachmuth's arrest.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Partial Summary Judgment and enter an order holding Defendants liable on Counts I, II, IV, and V, and directing that liability on Counts III and VI, as well as damages on all Counts, be determined at trial.

Dated: August 3, 2026

Respectfully submitted,

*/s/ Daniel A. Bruce*
Kellen S. Dwyer
Holtzman Vogel Baran Torchinsky &
Josefiak, PLLC
2300 N Street NW, Suite 643
Washington, D.C. 20037
Phone: (202) 737-8808
Fax: (202) 737-8809
kdwyer@holtzmanvogel.com
D.C. Bar No. 1008151
Attorney for Plaintiff

Daniel A. Bruce
Holtzman Vogel Baran Torchinsky &
Josefiak, PLLC
15405 John Marshall Highway
Haymarket, VA 20169
Phone: (540) 341-8808
Fax: (540) 341-8809
dbruce@holtzmanvogel.com
V.A. Bar No. 98120
Attorney for Plaintiff

James T. Johnson
DeMent Askew Johnson & Marshall
333 Fayetteville Street, Suite 1513
Raleigh, NC 27601
Phone: (919) 833-5555
Fax: (919) 832-8287
jjohnson@dementaskew.com
N.C. Bar No. 19087

4

Local Civil Rule 83.1 Attorney for Plaintiff

*Counsel for Plaintiff*

## <u>Certificate of Service</u>

I hereby certify that on August 3, 2026, I electronically filed the foregoing using the Court's CM/ECF system, which will serve all registered users.

<u>*/s/ Daniel A. Bruce*</u>
Daniel A. Bruce
*Counsel for Plaintiff*