IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:25-cv-222-BO-RJ

| | | |
|---|---|---|
| JENNIFER SLOAN RACHMUTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DECLARATION OF** |
| | ) | **MELISSA OTTAWAY** |
| ELIOTT WARREN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, Melissa Ottaway under penalty of perjury as follows:

1.     I am over 18 years of age, I am competent, and I am not otherwise under any disability. I have personal knowledge of the matters as set forth herein.

2.     The statements in this Declaration are true and correct, to the best of my personal knowledge and belief.

3.     In March, 2024 I graduated from North Carolina State University's Law Enforcement Executive Program. This course of study, based on the University's public administration curriculum, includes classes in leadership, ethics, fiscal management, organizational culture and other topics designed to prepare emerging leaders for the challenges of supervisory law enforcement roles.

4.     I have served as a sworn law enforcement officer for almost 23 years. I am a certified victim's advocate. I am also an adjunct instructor for the Basic Law Enforcement

Program at Central Carolina Community College where I teach cadets about crimes against persons and testifying in court.

5. On November 2, 2024, I was the patrol lieutenant, the most senior supervisor present at the police department for patrol officers.

6. On November 2, 2024, Officers Benjamin Marino and Elliot Warren approached me about an investigation involving an incident at the Harris Teeter.

7. Officers Marino and Elliott described the report they received from the victim and information from the victim and Harris Teeter manager about the victim's encounter with Ms. Rachmuth. The victim believed that she was being targeted for wearing a headscarf for religious reasons and potentially for reasons based on ethnicity.

8. The officers asked me whether I believed this was a hate crime, but I believed that their description contained no element of physical harm that would be required to qualify this as a hate crime under the HSPD's policies.

9. I reviewed Ms. Rachmuth's social media post about Ms. Fattah and Ms. Rachmuth's repeated comments under the primary post, which provided further information about the victim and the store's location and which appeared to be for the purpose of directing attention to the victim and encouraging commenters to contact the Harris Teeter where she worked.

10. We reviewed harassment related-crimes in *North Carolina Crimes: A Guidebook on the Elements of Crime* and concluded that cyberstalking was most likely to meet the elements.

11. It appeared that Ms. Rachmuth purposefully approached the employee at Harris Teeter for the purpose of harassing her, took photographs of the employee at Harris Teeter, and continued to engage in a disturbance until the victim's manager asked her to leave. Subsequently, Ms. Rachmuth posted the victim's photographs and information about the Harris Teeter location on her social media platform, which appeared to be an attempt to draw attention to and harass the victim. Subsequently, Ms. Rachmuth made multiple comments and engaged in back-and-forth exchanges with commenters on the social media post about the victim to draw attention to and encourage hateful comments about the victim and encourage people to contact the victim's workplace.

12. Based on the review of the elements of the crime and social media comments, Officers Marino and Warren and I believed that the findings of their investigation met the elements of a charge of cyberstalking based on their review of *North Carolina Crimes: A Guidebook on the Elements of Crime.*

13. I checked in with the officers after their conversation with the Magistrate and learned that the Magistrate found probable cause, but I do not believe that there was any further discussion of what the officers said to the Magistrate or any remarks made by the Magistrate. I had no further involvement in the case.

14. I had never heard of Ms. Rachmuth before Officers Marino and Warren came to discuss this incident with me on November 2, 2024, and I had no previous interactions with her.

15. I was very surprised when the charges were dismissed by District Attorney Lorrin Freeman. Over the course of 23 years, I have had many major investigations go

through the Wake County District Attorney's Office, and some low-level citations, like traffic offenses, have been dismissed, but none have been dismissed so quickly. Usually, there is some consultation by the District Attorney or her Assistant District Attorneys with the investigating officer. I do not recall having criminal charges for which a warrant was issued dismissed without at least some message to the investigating officer. I have never had a claim brought against me for malicious prosecution or any related claim based upon lack of probable cause.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30 day of July , 2026.

Melissa Ottaway (Jul 30, 2026 18:10:10 EDT)

**Melissa Ottaway**