IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-cv-222-BO-RJ

| | | |
|---|---|---|
| JENNIFER SLOAN RACHMUTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE MANUALLY AND UNDER SEAL** |
| | ) | |
| ELLIOTT WARREN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Defendants, by and through counsel, pursuant to Local Civil Rules 7.1, 7.2, and 79.2, and Rule V.G.1 of the Electronic Case Filing Administrative Policies and Procedures Manual, respectfully submit the following Memorandum in Support of Defendant's Motion for Leave to File Manually and Under Seal.

## MATERIALS TO BE SUBMITTED UNDER SEAL

A Consent Protective Order was entered by the Court on November 25, 2025. DE 19. On August 3, 2026, in connection with its Motion for Summary Judgment, Defendants submitted a Motion for Leave to File Under Seal documents protected in accordance with the terms of the Consent Protective Order. Defendants now submit this Memorandum in Support.

Defendants seek to submit body worn camera footage and records of criminal investigations, in support of their Motion for Summary Judgment on Plaintiff's claims, which center on her arrest by the individual Defendant Officers.

Defendants seek to submit three body worn camera recordings and one patrol vehicle recording. Defendant Officers Marino, Warren, and Hernandez arrested Plaintiff on November 3, 2024. DE 1 at 1-2. Those officers were wearing body worn cameras that recorded Plaintiff's arrest. That footage also depicts Plaintiff's husband. The recordings are being submitted as the following exhibits:

1. Declaration of Benjamin Marino, Exhibit 2;

2. Declaration of Edgar Hernandez, Exhibit 1;

3. Declaration of Elliot Warren, Exhibit 1;

4. Declaration of Elliot Warren, Exhibit 3.

These recordings are maintained by the Town of Holly Springs Police Department as confidential custodial law enforcement agency recordings pursuant to N.C.G.S. § 132-1.4A. Pursuant to N.C.G.S. § 132-1.4A., the recordings may not be disclosed or released without a court order. The recordings are also confidential information protected from disclosure by the Consent Protective Order entered in this matter. *See* DE 19.

Defendants seek leave to file these manually and under seal because they are maintained as confidential pursuant to N.C.G.S. § 132-1.4A., and because they depict Plaintiff's husband, who has not given consent for the recording to be publicly disclosed.

Additionally, Defendants seek to submit an Incident/Investigation Report ("I/IR") pertinent to Plaintiff's arrest. The I/R constitutes a record of a criminal investigation protected from disclosure by N.C.G.S. § 132-1.4. Under that statute, the I/R may only be released by court order. N.C.G.S. § 132-1.4(a). The I/R is being submitted as the following exhibits:

1. Declaration of Elliot Warren, Exhibit 2.

<u>**LEGAL JUSTIFICATION FOR SEALING**</u>

The Fourth Circuit has "squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." Doe v. Pub. Citizen, 749 F.3d 246, 267 (4th Cir. 2014). Defendant seeks to submit the documents enumerated above in support of Defendant's motion for summary judgment; as such, the First Amendment right of access applies.

To evaluate a motion for leave to file under seal, a court weighs the public and private interests at stake, including whether the information sought to be sealed is confidential; whether disclosure would result in actual harm and the degree of that harm; whether the motion is narrowly tailored; and whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information. Id. at 270.

In this case, the relevant factors weigh in favor of permitting filing under seal. First, the materials Defendants seek to file under seal are confidential under state law and under the Consent Protective Order entered by this Court. The body worn camera recordings are protected from disclosure by N.C.G.S. § 132-1.4A and the I/IR Report is protected from disclosure by N.C.G.S. § 132-1.4. Those statutes prohibit Defendants from disclosing the information to the public. Consequently, filing the documents in the public court record of this matter would violate North Carolina law. Furthermore, the exhibits are confidential and protected from disclosure by the Consent Protective Order entered in this case. *See* DE 19. Accordingly, the exhibits are certainly confidential, and this first factor weighs in favor of permitting filing under seal.

Second, public filing of the body worn camera recordings risks harm to the subjects of those exhibits. First, disclosure of the body worn camera recordings risks harm to the privacy of

Plaintiff's husband who has not consented to the release of the recordings depicting his image. Further, disclosure of the I/IR and risks revealing information that could impair the Town's investigation of crimes using information contained in that document. The severity of these harms is recognized and guarded against by G.S. §§ 132-1.4, 132-1.4A, and 160A-168. To prevent such harm, Defendants should be permitted to file the exhibits under seal.

Third, Defendants' request is narrowly tailored. The documents to be filed under seal are limited to the body worn camera recordings and the I/IR. Defendants do not seek to submit all their filings pertaining to summary judgment under seal, and the court record remains sufficiently public for readers to "understand the case." See Altria Client Servs. LLC v. R.J. Reynolds Vapor Co., No. 1:20-cv-472, 2025 U.S. Dist. LEXIS 33251, at *16 (M.D.N.C. Feb. 25, 2025) (citation omitted). The events at issue are amply described in unsealed documents, including Defendant's Statement of Material Facts; the declarations of Officers Marino, Hernandez, and Warren, the declaration of Lieutenant Melissa Ottaway, and the declaration of Chief Paul Liquorie. Redacted versions of the same documents have also been filed.

Finally, the balance of interests weighs in favor of allowing filing under seal. The first three factors weigh in favor of permitting filing under seal. Additionally, the documents and materials Defendants seek to file under seal, while essential to a determination of the claims in this action, are of little "importance to any public matters," and that relative lack of importance again weighs in favor of permitting filing under seal. See *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV 275, 2011 U.S. Dist. LEXIS 26720, at *4 (E.D.N.C. Mar. 15, 2011).

Alternatives to sealing are inadequate. Each of the documents and materials that Defendant seeks to file under seal are confidential in their entirety. There is therefore no way to preserve the materials' confidentiality without filing them under seal.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant their motion for leave to file the body worn camera recordings manually and under seal, and to file the other exhibits identified herein under seal, in support of their Motion for Summary Judgment.

This the 3rd day of August, 2026.

**HARTZOG LAW GROUP LLP**

*/s/ Katherine Barber-Jones*
DAN M. HARTZOG, JR.
N.C. State Bar No. 35330
Email: dhartzogjr@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
Email: kbarber-jones@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, North Carolina 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to all registered CM/ECF participants, and deposited a copy in the U.S. Mail, first-class postage prepaid, and addressed as follows:

        James T. Johnson
        **DeMent Askew Johnson & Marshall**
        333 Fayetteville Street, Suite 1513
        Raleigh, NC 27601
        jjohnson@dementaskew.com

        Kellen S. Dwyer
        Daniel A. Bruce
        **Holtzman Vogel Baran Torchinsky & Josefiak, PLLC**
        2300 N. Street NW, Suite 643
        Washington, D.C. 20037
        kdwyer@holtzmanvogel.com
        dbruce@holtzmanvogel.com

        *Attorneys for Plaintiff*


This the 3rd day of August, 2026.


        **HARTZOG LAW GROUP LLP**

        */s/ Katherine Barber-Jones.*
        DAN M. HARTZOG, JR.
        N.C. State Bar No. 35330
        Email: dhartzogjr@hartzoglawgroup.com
        KATHERINE BARBER-JONES
        N.C. State Bar No. 44197
        Email: kbarber-jones@hartzoglawgroup.com
        2626 Glenwood Avenue, Suite 305
        Raleigh, North Carolina 27608
        Telephone: (919) 670-0338
        Facsimile: (919) 714-4635
        *Attorneys for Defendants*